# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MACK INDUSTRIES, LTD., *et al.*,<br><br>　　　　　Debtors. | Chapter 7<br><br>Case No. 17-09308 (CAD)<br>(Jointly Administered) |
| RONALD R. PETERSON, as chapter 7 trustee for MACK INDUSTRIES, LTD. and RONALD R. PETERSON, as chapter 7 trustee for OAK PARK AVENUE REALTY, LTD.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Sergey Bitelman,<br><br>　　　　　Defendant. | Adv. Proceeding 19-00390 |

## ANSWER TO AMENDED COMPLAINT

Sergey Bitelman, defendant in the above-captioned adversary proceeding ("Defendant"), responds to the Amended Complaint [D.I. 25] as follows:

1.　　Defendant admit the jurisdictional allegations designated in paragraphs 3–8 of the Amended Complaint.

2.　　Defendant admits the following parts of certain designated allegations in the Amended Complaint and denies the rest:

　　　　a.　　Paragraph 15: Defendant admits that he purchased several parcels of real estate.

  b. Paragraph 19: Defendant admits that on or around August 9, 2012, he entered into a property management agreement with Mack Property Group, Ltd. ("Property Group") for 3651 Washington. Among other things, the agreement provided that for the first 24 months Property Group would have an exclusive right to manage the property and a right to a 5% commission in the event of a sale. In exchange for these rights, Property Group agreed to guarantee monthly rent of $1,850 (less a property management fee) during the same period.

  c. Paragraph 22: Defendant admits that on or around April 29, 2012, he entered into a property management agreement with Property Group for 20125 Cypress. Among other things, the agreement provided that for the first 24 months Property Group would have an exclusive right to manage the property and a right to a 5% commission in the event of a sale. In exchange for these rights, Property Group agreed to guarantee monthly rent of $1,750 (less a property management fee) during the same period.

  d. Paragraph 22: Defendant admits that on or around March 14, 2013, he entered into a property management agreement with Property Group for 17302 Emerson. Among other things, the agreement provided that for the first 12 months Property Group would have an exclusive right to manage the property and a right to a 5% commission in the event of a sale. In exchange for these rights, Property Group agreed to guarantee monthly rent of $1,700 (less a property management fee) during the same period.

  e. Paragraph 78: Defendant admits that he owned each of the subject properties and contracted with Property Group.

  f. Paragraph 113: Defendant admits that he owned each of the subject properties and contracted with Property Group.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of all other allegations in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant hereby alleges the following affirmative defenses to the Amended Complaint:

1. To the extent Defendant received a transfer, he took the transfer for value and in good faith, without knowledge of the voidability of such transfer.

2. The Amended Complaint alleges transfers that are barred by the statute of limitations.

3. The Debtors do not have an interest in any property that was transferred to Defendant.

4. To the extent Defendant received a preferential transfer, such transfer was intended to be, and in fact was, a contemporaneous exchange for new value provided to or for the benefit of the transferor.

5. To the extent Defendant received a preferential transfer, such transfer was payment of a debt incurred by the transferor and Defendant in the ordinary course of business or financial affairs between them and made in the ordinary course of business or financial affairs of the parties or made according to ordinary business terms.

6. Defendant extended new value to or for the benefit of the transferor following any preferential transfer.

Dated: March 8, 2021                  Respectfully submitted,

**Sergey Bitelman**

By: */s/ Zoran Balac*
     Zoran Balac
     BLACKACRE LAW GROUP LLC
     77 W. Washington Street, Suite 1124
     Chicago, Illinois 60602
     Telephone: (312) 809-5000
     Facsimile:  (312) 809-5400
     Email:  zbalac@blackacrelawyers.com

## CERTIFICATE OF SERVICE

I, Zoran Balac, the undersigned attorney, hereby certify that on March 8, 2021, I caused a copy of the foregoing *Answer to Amended Complaint* to be filed with the Court's electronic filing system and thereby electronically served copies of the same to all registrants receiving service via ECF, as shown in the Service List below.

## SERVICE LIST

(SERVICE VIA ECF)

Ariane Holtschlag on behalf of Plaintiff Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, Ltd.
aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com, gsullivan@ecf.inforuptcy.com, holtschlagar43923@notify.bestcase.com

Ariane Holtschlag on behalf of Plaintiff Ronald R. Peterson, as chapter 7 trustee for Oak Park Avenue Realty, Ltd.
aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com, gsullivan@ecf.inforuptcy.com, holtschlagar43923@notify.bestcase.com

Jeffrey K. Paulsen on behalf of Plaintiff Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Plaintiff Ronald R. Peterson, as chapter 7 trustee for Oak Park Avenue Realty, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com